DAVIDOFF HUTCHER & CITRON, LLP
*Proposed Attorneys for the Debtors*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| | Case Nos. |
| SOHA HOUSE LLC, | 23-11086(JPM) |
| SOTERIA REAL PROPERTY LLC, | 23-11087 |
| 536 WEST 150 STREET LLC, and | 23-11088 |
| WCJ FUND LLC, | 23-11089 |
| | (Joint Administration |
| | Requested) |
| Debtors. | |

-----------------------------------------------------------X

## DECLARATION OF FANG ZOU PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Fang Zou, under penalties of perjury, hereby declares and states as follows:

1.      I am the sole manager of each of the above-captioned debtors and debtors in possession (the "Debtors"). Generally speaking, I am the current manager of the Debtors that can guide them through the bankruptcy process. I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## PART I

## BACKGROUND

2.      In my role I have primary responsibility for the business and financial affairs of the Debtors. I am familiar with the Debtors' operations and books and records, which I personally know are prepared and maintained in the ordinary course of business.  On this basis,

I have personal knowledge of the facts stated herein or knowledge based on the business records that are made and maintained in the Debtors' ordinary course of business, the information supplied to me by (a) employees who report directly to me, or (b) the Debtors' general bankruptcy counsel and other legal and professional advisors.

3.      On July 11, 2023 (the "Petition Date"), I caused each of the Debtors to file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York.  The Debtors commenced these Chapter 11 cases to protect the Debtors' interests in the property located 343 West 47th Street, New York, NY 10036 (the "Property").

4.      The Debtors continue to operate their business and manage their assets as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      There are no other or prior bankruptcy case filed by or against the Debtors. To the best of my knowledge, no committee of unsecured creditors was organized prior to the order for relief in the Debtors' Chapter 11 cases.

6.      A copy of the resolution authorizing the filing of these Chapter 11 cases by each of the Debtors is attached to their respective Petitions and incorporated by reference herein. Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

7.      Each one of the Debtors is a limited liability company organized under the laws of the State of New York except for Soha House LLC which is organized under the laws of the State of Delaware.

8.      The Debtors combined currently own 100% of the membership interests in Midtown West 47 ST LLC ("Midtown"), a non debtor entity that owns the Property.

9.      In or around March 2018, Midtown purchased the Property for approximately $6,000,000.00. Then, in December 2019, Midtown refinanced its first mortgage on the Property with 5 Arch Funding Corp. ("5 Arch"). The refinance with 5 Arch was intended to allow the Debtors to pay off their initial closing loan and provide construction financing for a redevelopment of the Property into a luxury condominium building.

10.     The Debtors eventually began to initiate the redevelopment project for the Property in 2020, but were met with continuous roadblocks by the community board, the City Planning Board and ensuing complications caused by the Covid-19 Pandemic.

11.     In or around October and November of 2022, the Debtors submitted their revised redevelopment plans to the City Planning Board and the community board, who each forthwith approved construction.

12.     Unfortunately, during this interim period, 5 Arch assigned its mortgage to CAF Bridge Borrower MS LLC ("CAF"), who immediately attempted to foreclose on the Debtors' interests in Midtown due to their secured guaranty of Midtown's defaulted loan.

13.     The redevelopment project for the Property is only 5% complete. The Property is currently in the demolition phase, with every floor gutted and vacant. The Property has forced place insurance, and its premiums are paid by 5 Arch and now, assumingly, CAF.

14.     With the Property now ready for redevelopment, the Debtors have been actively pursuing takeout and construction financing, but CAF ultimately scheduled a UCC sale of the Debtors' membership interests in Midtown for July 11, 2023 at 2:30 PM. This in turn led to the Debtors for filing for Chapter 11 protection on the Petition Date prior to the scheduled sale time.

15.     The Debtors are actively seeking a refinance and construction loan and intend to achieve this within the first 90 days of the Chapter 11 Cases. To that end, in addition to the efforts of Debtors' proposed counsel, the Debtors are in the process of retaining North Point Realty Group to assist in the marketing and hopeful refinance and development of the Property, which will result in a satisfaction of CAF's claims in full.

## PART II
## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

16.     In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-2(a)(1)**

17.     The Debtors' mailing address is 271 W. 125th Street, Apt. 207, New York, NY 10027. The Debtors were established to hold interests in Midtown and redevelop the Property.

**Local Rule 1007-2(a)(2)**

18.     These cases were not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*(the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

19.     Upon information and belief, no committee was organized prior to the order for relief in these Chapter 11 cases.

**Local Rule 1007-2(a)(4)**

20.     A list of the names and addresses of the Debtors' 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code will provided when the Debtors' schedules are filed on or before July 25, 2023.

**Local Rule 1007-2(a)(5)**

21.     The Debtors have one secured creditor who asserts a lien on the Debtors' interests in Midtown, CAF Bridge Borrower MS LLC as assignee of 5 Arch.

**Local Rule 1007-2(a)(6)**

22.     A summary of the Debtors' assets and liabilities will be provided when the Debtors' schedules are filed on or before July 25, 2023.

**Local Rule 1007-2(a)(7)**

23.     There are no publicly held securities of the Debtors.

**Local Rule 1007-2(a)(8)**

24.     None of the Debtors' property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

25.     Upon information and belief the Debtors do not lease or own any property; they have membership interests in Midtown, which in turn owns the Property.

**Local Rule 1007-2(a)(10)**

26.     The Debtors' digital books and records are located at 271 W. 125th Street, Apt. 207, New York, NY 10027.

**Local Rule 1007-2(a)(11)**

27.     Upon information and belief there is no pending litigation involving the Debtors.

**Local Rule 1007-2(a)(12)**

28.     I am the manager/authorized signatory for the Debtors.

29.     A corporate ownership statement was filed simultaneously with the Chapter 11 Petitions.

5

**Local Rule 1007-2(b)(1) and (2)**

30.    The Debtors have no employees.

31.    The Debtors' estimated payroll and payments to officers, shareholders and directors for the thirty (30) day period following the Chapter 11 petition is $0.

32.    The Debtors' estimated payroll to non-officer employees for the thirty (30) day period following the Chapter 11 petition is approximately $0.

**Local Rule 1007-2(b)(3)**

33.    A schedule including for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees will be provided on or before July 25, 2023, when the schedules and statement of financial affairs will be filed.

<strong><u>CONCLUSION</u></strong>

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: July 11, 2023

/s/ Fang Zou_____
Fang Zou, Manager